**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4677**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JOSHUA LEO CONNER,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:19-cr-00421-CCE-1)

Submitted: January 29, 2021                Decided: February 17, 2021

Before HARRIS, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Ira Knight, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Nicole Royer DuPre, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Lee Conner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 56 months' imprisonment. On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Conner entered his plea knowingly and voluntarily. Although notified of his right to do so, Conner has not filed a pro se supplemental brief. We affirm.

A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the maximum and any mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3).

Because Conner did not move to withdraw his guilty plea, our review is for plain error. *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020). To prevail under the plain error standard, Conner "must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *Id.* In the Rule 11 context, this means Conner "bears the burden to show a reasonable probability that, but for the error, he would

2

not have entered the plea." *Id.* at 192 (internal quotation marks omitted). Our review of the plea colloquy leads us to conclude that the district court substantially complied with Fed. R. Crim. P. 11 and that the court's minor omissions did not affect Conner's substantial rights. Moreover, the court ensured that Conner entered the plea knowingly and voluntarily and that sufficient facts supported the plea. *See Fisher*, 711 F.3d at 464.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Conner, in writing, of the right to petition the Supreme Court of the United States for further review. If Conner requests that counsel file such a petition, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that he served a copy thereof on Conner.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*